08-6102-ag
Konayev v. Holder

BIA
A095 841 385

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of April, two thousand ten.

PRESENT:
>       JOSEPH M. McLAUGHLIN,
>       ROBERT A. KATZMANN,
>       RICHARD C. WESLEY,
>            *Circuit Judges.*

_____

IGOR VASILIEVICH KONAYEV,
>        *Petitioner,*

>        v.                                08-6102-ag
>                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,*
>        *Respondent.*

_____

FOR PETITIONER:          Jonathan R. Nelson, New York, N.Y.

FOR RESPONDENT:          Tony West, Assistant Attorney

---

*Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

General, Civil Division; David V. Bernal, Assistant Director, Office of Immigration Litigation; Margaret Kuehne Taylor, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is GRANTED.

Petitioner Igor Vasilievich Konayev, a native and citizen of Kazakhstan, seeks review of a November 17, 2008, order of the BIA denying his motion to reopen. *In re Igor Vasilievich Konayev*, No. A095 841 385 (B.I.A. Nov. 17, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case. This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).

There is no dispute that Konayev's June 2008 motion to reopen was untimely because the agency issued a final order of removal in August 2004. *See* 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limitation for filing a motion to reopen if it is "based on changed circumstances

2

arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

Here, the BIA abused its discretion by failing to consider material evidence submitted by Konayev in support of his motion to reopen. *Shou Yung Guo v. Gonzales,* 463 F.3d 109, 115 (2d Cir. 2006). "Despite our generally deferential review of IJ and BIA opinions, we require . . . some indication that the [BIA] considered material evidence supporting a petitioner's claim." *Poradisova v. Gonzales,* 420 F.3d 70, 77 (2d Cir. 2005).

Much of the over 700 pages of evidence submitted with Konayev's motion was arguably material to changed country conditions in Kazakhstan and his claim that he has a well-founded fear of persecution based on his religion. Yet, the BIA failed to indicate in its decision that it considered substantial pieces of evidence bearing materially on Konayev's claim. Rather, it improperly placed "excessive reliance" on published reports of the Department of State and quoted selected passages from an expert affidavit to

conclude that "the evidence submitted with the respondent's motion does not demonstrate that he will face persecution by the government, nor does it demonstrate that the government would be unwilling or unable to protect the respondent from harm." S.P.A.3. *See Tian-Yong Chen v. I.N.S.*, 359 F.3d 121, 130 (2d Cir. 2004). Because Konayev submitted evidence material to his claim that country conditions in Kazakhstan have changed with regard to the treatment of non-traditional evangelical registered Baptist church members such as himself, the BIA's failure to consider the evidence was an abuse of discretion. Thus, remand is warranted in order to allow the BIA to consider Konayev's evidence of changed country conditions and whether he can establish a well-founded fear of persecution. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir. 2005).

For the foregoing reasons, the petition for review is GRANTED and the case is REMANDED for further proceedings consistent with this decision. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4